**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**John Robert Rock,**

                 **Petitioner,**

**-vs-**                                                  **Case No. 6:08-cv-1465-Orl-31KRS**

**United States of America,**

                 **Respondent.**

_____

## ORDER

This matter came before the Court without oral argument upon consideration of Petitioner's, John Robert Rock ("Petitioner"), Motion to Vacate, Set Aside, or Correct an illegal sentence pursuant to 28 U.S.C. § 2255 (the "Motion") (Doc. 1). Respondent, the United States of America (the "Government"), filed a response in opposition to the Motion in compliance with the Court's scheduling order and with *The Rules Governing Section 2255 Cases in the United States District Courts* (Doc. 4). Petitioner did not file any memoranda in support of his Motion. Nor did Petitioner file a reply to the Government's response.

**I. Overview**

Petitioner asserts two claims for relief in his Motion. Specifically, Count I broadly asserts that Petitioner's counsel was ineffective because he did not act in Petitioner's "best interests," but instead "acted as the prosecution." Other than attaching a four-page excerpt from the transcript of

Petitioner's plea colloquy,[1] Petitioner does not make any specific allegations in support of Count I. Count II asserts that Petitioner was falsely charged with and convicted of violating 18 U.S.C. § 922(g)(1) and 924(a)(2) inasmuch as his co-defendant, who actually possessed the firearm, was not a convicted felon.

The Government argues, *inter alia*, that Petitioner waived his right to attack his sentence on collateral review pursuant to a written plea agreement. Furthermore, the Government argues that Count II of the Motion fails to raise any cognizable constitutional issue. Even assuming, *arguendo*, that the plea agreement does not waive Petitioner's right to collateral review and that Petitioner's claims were cognizable, the Government contends that Petitioner's claims are without merit.

As addressed in further detail, *infra*, the Court concludes that Petitioner knowingly and voluntarily waived his right to collateral review. Furthermore, even assuming that Petitioner did not waive his right to collateral review, Petitioner's claims are without legal merit. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] Mindful of the fact that Petitioner is proceeding *pro se*, the Court has closely reviewed this four-page excerpt in an attempt to glean more specific allegations, which liberally construed, could support an ineffective assistance of counsel claim. However, other than being – at best – remotely consistent with Petitioner's broad-sweeping claim that his counsel did not act in his "best interest," the four page excerpt from the plea colloquy does not provide any support for any specific ineffective assistance of counsel claim.

**II.  Factual Background and Procedural History**

On March 7, 2007, a grand jury returned a five-count indictment against Petitioner (CR-Doc. 16).[2] Count one of the indictment alleged that Petitioner conspired to rob an individual of illegal narcotics proceeds in violation of the Hobbs Act; count two alleged that Petitioner conspired to possess with the intent to distribute crack cocaine; count three alleged that Petitioner possessed with the intent to distribute crack cocaine; count four alleged that Petitioner used a firearm during a drug trafficking offense; and count five alleged that Petitioner was a convicted felon in possession of a firearm (CR-Doc. 16).  Pursuant to a twenty-one-page written plea agreement, Petitioner agreed to plead guilty to counts one and five of the indictment; the Government, in turn, agreed to dismiss counts two, three and four of the indictment (CR-Doc. 48). In pertinent part, the plea agreement provided:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed...then the defendant is released from his waiver and may appeal the sentence...

(CR-Doc. 48 at 15-16).

On July 12, 2007, Petitioner initialed each page of the plea agreement and signed same (CR-Doc. 48).  Petitioner then entered a guilty plea on July 18 and 19, 2007 pursuant to the plea

---

[2]*See* Criminal Case No. 06:07-cr-26-Orl-31KRS (M.D. Fla. 2007).  References to the docket in Petitioner's criminal case will be cited to as "CR-Doc."

agreement (CR-Docs. 46 and 49). During the two-day change of plea hearing, the Court conducted an exhaustive plea colloquy and determined that Petitioner was competent to enter a guilty plea, advised Petitioner of the rights he was waiving, and elicited Petitioner's acknowledgment of that waiver. Specifically, Petitioner acknowledged that he had discussed the appeal and collateral review waiver with this counsel and that he was giving up his right "to appeal from" or "collaterally challenge a mistake in [his] sentence" except if "the sentence is above the guideline range...if the sentence is more than the maximum permitted by the law...if the sentence violates the Eighth Amendment...or if the government appeals...you can appeal for any reason" (CR-Doc. 46 at 18). Petitioner further stated, under oath, that he was not threatened or subjected to any improper pressure in order to secure his guilty plea, that he had reviewed the information concerning his case with his attorney and was satisfied with his attorney services, that he understood the nature of the charges against him and the maximum penalties associated with those charges, and that he specifically understood the rights he would be waiving by entering a guilty plea (CR-Doc. 46 at 10-15 and 17-19).

### III. Analysis

#### A. Waiver of Collateral Review

A sentence-appeal waiver, which is entered into voluntarily and knowingly pursuant to the a plea agreement, precludes a defendant from attempting to attack his sentence on collateral review through a claim of ineffective assistance of counsel during sentencing. *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005). However, a valid sentence-appeal waiver does not preclude a challenge to the validity of the petitioner's plea or the appeal waiver based on ineffective assistance of counsel. *Patel v. United States*, 252 Fed. Appx. 970, 974-75 (11th Cir. 2007). To

establish the validity of a sentence-appeal waiver, the government must show that the district court specifically questioned the defendant about the provision during the plea colloquy, or that it is manifestly clear from the record that the defendant fully understood the significance of the waiver. *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001); *see also United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). Accordingly, a petitioner's knowing and voluntary waiver in a plea agreement generally bars all collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver of the plea itself.

In the case at bar, the Court concludes that the plea agreement and sentence-appeal waiver were knowing and voluntary. The Court addressed the waiver during a thorough and comprehensive two-day plea colloquy (*See* CR-Docs. 46 and 49). Petitioner specifically stated, under oath, that he was not threatened or subjected to any improper pressure in order to secure his guilty plea, that he had reviewed the information concerning his case with his attorney and was satisfied with his attorney services, that he understood the nature of the charges against him and the maximum penalties associated with those charges, and that he understood the rights he would be waiving by entering a guilty plea (CR-Doc. 46 at 10-15 and 17-19). These statements, given under oath, constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Accordingly, the Court concludes that Petitioner was specifically questioned about the waiver during the plea colloquy and that it is manifestly clear from the record that Petitioner fully understood the significance of his waiver of collateral relief.

Inasmuch as Petitioner's knowingly, intelligently, and voluntarily entered into the written plea agreement and sentence-appeal waiver, Petitioner's plea agreement precludes the Court from

addressing all of the claims asserted in Petitioner's Motion. Indeed, neither of Petitioner's two claims concern matters that have any bearing on the validity of Petitioner's plea agreement or sentence-appeal waiver.

### B. Merits

Even assuming that Petitioner had not waived his right to collateral review, Petitioner was properly convicted and sentenced under 18 U.S.C. §§ 2 and 922. Petitioner was a convicted felon who had constructive possession of a firearm during the incident in question. *See*, *e.g.*, *United States v. Gunn*, 369 F.3d 1229, 1233 (11th Cir. 2004); (CR-Doc. 56 at 3-5).

## III. Conclusion

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Motion to Vacate, Set Aside, or Correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by John Robert Rock is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court is directed to enter judgment accordingly and close the file. A certified copy of this Order and the judgment shall also be filed in criminal case number 06:07-cr-26-Orl-31KRS (M.D. Fla. 2007).

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 9, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE